# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-3249

Dan A. Russo,

    Plaintiff/Movant,

Premier Health Plans d/b/a National Health Brokers,

    Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Dan A. Russo, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Dan A. Russo ("Plaintiff"), is an adult individual residing in Colorado Springs, Colorado, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Premier Health Plans d/b/a National Health Brokers ("Premier Health"), is a Florida business entity with an address of 1770 Northwest 64th Street, Suite 620, Fort Lauderdale, Florida 33309, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

**FACTS**

5.      Within the last year, Premier Health placed calls to Plaintiff's cellular telephone in an attempt to solicit to Plaintiff its services.

6.      At all times referenced herein, Premier Health placed calls to Plaintiff's cellular telephone, number 719-xxx-0823, using an automated telephone dialer system ("ATDS") and a prerecorded message.

7.      Premier Health called Plaintiff from telephone numbers: 415-363-9687, 484-891-5606 and 720-452-6430.

8.      When Plaintiff answered calls from Premier Health, he was met with a prerecorded message stating that the call was about his health insurance.

9.      Plaintiff has no business relations with Premier Health and never requested by an agreement or otherwise that he be contacted.

10.     Plaintiff never provided his cellular telephone number to Premier Health and never provided his consent to Premier Health to be contacted on his cellular telephone.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

11.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     At all times mentioned herein and within the last year, Premier Health called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

13.     The Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that

2

"predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id.

14. The TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

15. Often times when Plaintiff answered the phone, he was met with several seconds of dead air before Premier Health's telephone system would connect him to the next available representative.

16. Premier Health's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff never provided his cellular telephone to Premier Health and never provided his consent to be contacted on his cellular telephone.

18. The telephone number called by Premier Health was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Premier Health to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Premier Health constitutes a violation of the TCPA.

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each of Premier Health's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 1, 2014

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Dan A. Russo

1164 Cree Drive
Colorado Springs, CO 80915